IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VIVIAN FREEMAN                                                                PLAINTIFF

v.                                      CIVIL NO. 11-5158

PATRICK R. DONAHOE, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE, SOUTHEAST AREA
AGENCY                                                                        DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Comes now before the Court Plaintiff's request for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). Plaintiff's Complaint was filed on June 29, 2011. (Doc. 1).

Plaintiff's IFP application reveals that she is employed and that her take-home pay is $1,757.60 a month. Plaintiff is married and her husband receives a disability check of $1311.00 each month. Thus, Plaintiff's monthly household income is $3,068.60. Plaintiff's monthly household expenses total $2,383.00. This leaves excess income in the amount of $685.60. The Court points out that $1,458, or sixty-one percent, of Plaintiff's monthly household expenses goes towards a monthly vehicle payment of $307.00; a second monthly vehicle payment of $626.00; a monthly vehicle insurance payment of $125.00; and a monthly gas payment of $400.00.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a

AO72A
(Rev. 8/82)

barrier, to the federal courts. <u>In re Williamson</u>, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. <u>Williamson</u>, 786 F.2d at 1338. In making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her family. <u>Helland v. St. Mary's Duluth Clinic Health System</u>, 2010 WL 502781, *1 (D.Minn. 2010). Here, Plaintiff is by no means destitute.

Indeed, as noted above, Plaintiff is able to afford two car payments, car insurance and gas bills totaling $1,458.00 a month. After paying these expenses and her other expenses, Plaintiff's household has $685.60 in excess funds. While the Court acknowledges that the household income is derived from Plaintiff's income and Plaintiff's husband's disability payment, Plaintiff has offered no reasons why she would be unable to pay for the filing of her Complaint with part of the $685.60 in excess monthly funds. See <u>Lee v. Wal-Mart Stores, Inc.</u>, 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993)("In a number of cases, courts have found that the income and assets of close family members are relevant to a determination of indigency under 28 U.S.C. § 1915."). For these reasons, the Court finds that a waiver of the filing fee in this case would be inappropriate.

Accordingly, the undersigned recommends that Plaintiff's motion for leave to proceed IFP be DENIED and that Plaintiff tender the filing fee of $350 on or before July 26, 2011. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

**AO72A**
**(Rev. 8/82)**

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of July 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)